UNITED STATES of America,
Plaintiff,

v.

SUNGARD DATA SYSTEMS,
INC., et al., Defendants.

No. CIVA 01–2196(ESH/JMF).

United States District Court,
District of Columbia.

Oct. 30, 2001.

N. Scott Sacks, Phillip H. Warren, Kent Brown, U.S. Department of Justice, Antitrust Division, Computers & Finance Section, Washington, DC, for Plaintiff United States of America.

Stephen M. Axinn, Axinn, Veltrop & Harkrider LLP, New York City, for Defendant Sungard Data Systems, Inc.

Neal R. Stoll, Skadden, Arps, Slate, Meagher & Flom LLP, New York City, Christopher M. Curran, Francis A. Vasquez, Jr., Jocelyn Aqua, White & Case LLP, Washington, DC, for Defendant Comdisco, Inc.

## MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

Currently pending before me and ripe for resolution are defendants' *Motion for a Protective Order* ("Defs. Mot.") and the *United States' Motion for Entry of Protective Order and Opposition to Defendants' Motion for Entry of Protective Order* ("Plains. Mot."). An initial hearing on the motions was held on October 7, 2001.

This case is intimately connected to a bankruptcy matter pending in the Northern District of Illinois. Comdisco, Inc. is a company in bankruptcy and that judicial district is supervising the bankruptcy proceedings. On the day before the bankruptcy proceeding was originally scheduled for the purpose of approving Sungard Data Systems, Inc.'s ("Sungard") purchase of certain of Comdisco's assets, the United States filed this action seeking to prohibit Sunguard and Comdisco from completing the acquisition, contending that the sale would violate section 7 of the Clayton Act.

The lawsuit is on a track to trial which can only be described as heroic. Next to it, the renowned "rocket docket" is a slow moving train. Discovery will close on November 2, 2001, *i.e.* in three days, and more than 100 boxes of documents will be delivered today or tomorrow to defendants' counsel for review. An evidentiary hearing (if necessary) will take place on November 8, 2001. Thus, this complicated anti-trust lawsuit began on October 22, 2001 but the hearing on the government's application for an injunction will start on November 8, 2001, a mere 17 days later.

The narrow issue that divides the parties is whether the protective order, regulating access and use of confidential documents obtained by the government from IBM and Hewlett Packard ("HP") (and others), should restrict access and use to outside counsel. The plaintiff, the Department of Justice, joined by IBM and HP, who were permitted to intervene for the limited purpose of being heard on this issue, insist that access be limited to outside counsel. They want absolute assurance that no one personally employed by Sungard and Comdisco, their competitors, will have access to the confidential information lest their competitive position be harmed. If this view prevailed, outside counsel could not share the documents with inside counsel during trial preparation. Understandably, counsel for Sungard and Comdisco protest that this makes a near impossible situation worse. They are confronted with preparing for a complicated hearing without any help from lawyers most familiar with the industry and their clients' complicated, technological business.

Initially, I reviewed declarations that were submitted in support of the parties' positions. Finding them skimpy, I convened a hearing at which I heard from the in-house counsel who would have access to the confidential documents and I permitted their cross examination. Prior to the hearing I made it clear by an order that I would only permit access by two in-house counsel for each defendant.

Having heard the testimony, I am first convinced that it would be extremely difficult, if not impossible, for the defendants' outside counsel to prepare this case for trial without the assistance of in-house counsel. First, this is a significant battle among major international players in a highly technical field where I have to suppose the computer technology driving their competition is state of the art. While anti-trust lawyers must be quick studies and absorb information quickly, it is asking too much for them to do it alone in this case in which discovery will end in a few days and when the hearing is a mere 16 days away. Furthermore, this case will involve in a most significant way the testimony of economic experts who will have access to all the documents and whose testimony can be expected to be complicated and demanding. To deny outside counsel access to the lawyers most familiar with their clients' business and the industry in which they compete and who will have a much deeper and complete understanding of the documents being produced and of the expert testimony to be derived from it is to make Sungard and Comdisco fight with one hand behind their backs. Of course, Sunguard and Comdisco might have to fight that way if I was convinced that I could not otherwise prevent their unfair exploitation of the confidential information that two of their in-house counsel will see but I am not.

First, I have limited access to four people, two for each defendant. Second, my order will punish any use of the information for any purpose other than the defense of this lawsuit by a $250,000 fine which must be paid by the lawyers themselves without any reimbursement by their

employers. Third, the attorneys will agree that I may deem any violation of the order to be a contumacious breach of their professional obligations and understand that I will report their behavior to the appropriate disciplinary authorities with the understanding that I may recommend their suspension or disbarment. Finally, I am specifically rejecting the defendants' application that they be permitted to use any information gained from discovery in this lawsuit in the bankruptcy matter in Illinois. For the purposes of the bankruptcy proceeding, the United States, which has the documents at issue, is a third party and it is entirely up to the bankruptcy judge to determine what use he will permit the parties before him to make of the documents that are in the possession of the United States (or any other third party) and to resolve any resulting claims of privilege. I would be usurping his authority in the most fundamental way if I permitted the documents produced for this case to be used for all purposes before the bankruptcy judge when I have no jurisdiction whatsoever in the bankruptcy matter.

I am therefore prohibiting the use of the documents produced for discovery in this case for any other purpose and enforcing that prohibition with severe, personal sanctions. Furthermore, I do not understand any one to be suggesting seriously that there is a serious risk that the four lawyers who are being permitted access would make a direct use of the documents in the teeth of my order and its significant sanctions. The real argument involves a more subtle and complicated problem which has to be called "inadvertent use," for want of a better term. The concern is that the four in-house lawyers who will have access to the confidential documents for the sole purpose of trial preparation will be physically and mentally unable to keep distinct the information they have gleaned from seeing the confidential documents from other information when they give advice to their clients. According to the Department of Justice and the intervenors, this risk is so great that it requires the extraordinary remedy of denying the four lawyers any access to the documents even though I am firmly convinced that this would disable the defendants in their trial preparation.

There is a less extreme solution which counsel and I discussed at the hearing. We might borrow a page from those who create "Chinese Walls" around lawyers who have recently left government service or prosecutors who have had access to immunized testimony. With this mechanism, those lawyers behind the "Wall" are absolutely recused from participating in certain matters where there is any risk that the former government lawyers will engage in a conflict of interest or the prosecutors will use immunized testimony in any way. In this case, a "Wall" could be created around these four lawyers which would absolutely prohibit them from, for example, any involvement in any matter even where there was no more than a potential risk that they might inadvertently use the confidential information. In this case, and in the immediate future, this would mean their being disabled from any participation in the bankruptcy proceeding.

The problem with a complete recusal is that the protection provided is greater than the risk. The risk is the inadvertent use of the information but the remedy is to prohibit participation even if there is certainty that confidential information has not and will not be used. In this case, I would be therefore be disabling two lawyers(Larry Gross and Robert Lackey) who are the senior legal officers of the corporations who employ them, even though they could prove that the guidance and direction they are giving to outside counsel handling the

bankruptcy proceeding had nothing to do with the confidential information they saw in this case. I believe that this disabling remedy is out of proportion to the potential harm the intervenors may suffer particularly when I emphasize the following point. I will interpret the protective order to mean what it says: that *any* use of the confidential information involved violates the order and that includes an inadvertent use. Thus, if it is alleged that Gross or Lackey made any use of the confidential information they have seen, and I find, by circumstantial evidence that they have, I will impose the penalties provided in my order despite their protestations to the contrary. If, therefore, reasonable people could conclude that Gross or Lackey might make even inadvertent use of the confidential information in supervising and directing outside counsel in any matter, including the bankruptcy proceeding in Illinois, Gross and Lackey would be well advised to recuse themselves and delegate that supervisory responsibility to some one else. If they do not, they will run the risk of the severe consequences the order creates. I will also enlist outside counsel in my policing of Gross and Lackey. I expect Gross and Lackey to seek the guidance of outside counsel who have entered their appearance in this case in determining whether or not to recuse themselves. They fail to do so at their peril.

As to the other two lawyers involved, Victoria Silbey and Ken Garstka, I have decided to recuse them from any participation in the bankruptcy proceeding in an abundance of caution and to limit the judicial resources that might have to be expended policing enforcement to the barest minimum.

Finally, I see nothing in this opinion and the accompanying protective order I am issuing that is inconsistent with the only opinion in this Circuit which was advanced by plaintiff and intervenors as supporting their position that in-house counsel should not be permitted access. In *FTC v. Exxon Corp.*, 636 F.2d 1336, 1350 (D.C.Cir.1980), the court of appeals concluded "on the facts of this case" that the district court had not abused its discretion in refusing to allow in-house counsel to see certain information, stating:

> As argued by the FTC, it is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so. Long after divestiture may have been ordered in this case, it is possible that these prominent members of Exxon's legal staff will help manage and advise Exxon's ACS effort. We find no abuse of discretion in the decision of the District Court that they should do so without ever having access to confidential information of the Drives Group, a possible major competitor. We believe that the limitation of access to outside counsel for Exxon is fully consistent with the public interest in safeguarding the Drives Group as a competitively viable entity. We thus affirm this aspect of the June 25 Order.

*Id.* at 1350.

As is obvious, the restriction imposed in that case was animated by a desire to preserve competition in one segment of the economy. The case therefore has nothing to do with protective orders at all and court's generalization about the difficulty in-house counsel have in compartmentalizing information is hardly precedential authority for the proposition that access by in-house counsel to confidential information provided by her employer's competitors is always prohibited. There is not a word in that case to suggest that the court of appeals would not agree with the teaching of what is now considered the leading

case in the area, *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed.Cir.1984) which states that a individualized, fact specific determination is to be preferred over generalizations concerning in-house and outside counsel in determining access to confidential information. In this case, I have heard testimony under oath which first convinces me that the four lawyers do not participate as managers or decision makers in the competitive decisions made by the actual managers of their employers. While they unquestionably give legal advice to those managers, the interest in guarding against the theoretical possibility that that advice might at some point be influenced by the confidential information they have seen is trumped by the interest in permitting these defendants to prepare for trial under a most demanding schedule. Moreover, I intend to punish even an inadvertent use of the confidential information as severely as I can.

Had the hearing schedule been more forgiving, I might have been more willing to burden outside counsel with having to prepare their case without in-house counsel's help on the confidential documents. I cannot do that now without seriously jeopardizing defendants' right to a fair trial. I will therefore permit access by the four in-house counsel to the documents under the conditions I have specified.

The protective order accompanies this Memorandum Opinion. My additions appear in bold type.

### PROTECTIVE ORDER

Pursuant to Fed.R.Civ.P. 26(c)(7), and in the interest of ensuring an efficient and prompt resolution of this action and of protecting information of the parties and non-parties from improper disclosure, the undersigned hereby stipulate, subject to approval and entry by the Court, to the following Protective Order:

### A. DEFINITIONS

1. As used herein:

(a) "confidential information" means any trade secret, or other confidential research, development, or commercial information, as such terms are used in Fed.R.Civ.P. 26(c)(7), of a party or protected person that, if disclosed, would materially affect the party or protected person's business, commercial or financial interests;

(b) "disclosed" means directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part;

(c) "document" is defined as the term is used in Fed.R.Civ.P. 34(a);

(d) "party" or "parties" means plaintiff, or one or more of the defendants;

(e) "protected person" means any non-party who voluntarily or in response to a Civil Investigative Demand from the Department of Justice or to discovery in this action produced or produces any information to any party in connection with this action or the Department of Justice's investigation of the matters at issue in this action; and

(f) "this action" means the above-captioned action pending in this Court, including any pretrial discovery, post-trial or appellate proceedings.

### B. DESIGNATION OF CONFIDENTIAL INFORMATION

2. Any document, deposition testimony, deposition transcripts and exhibits, or other response to requests for information produced in response to discovery requests in this action may be designated by any party or protected person as "confidential" under this Order. If the entire document is confidential, a party or protected person may stamp or label the face of each docu-

ment with the designation "CONFIDEN-TIAL." If the entire document is not confidential, the party or protected person shall specify the portions of the document that contain confidential information. Any confidential legend shall not interfere with the legibility of the document. With respect to electronic documents, the party or protected person at the time such information is produced shall specify in writing the information that is confidential.

3. A party that has previously produced information in connection with the investigation of the matters at issue in this action to a party voluntarily in response to an informal discovery request or pursuant to the Hart–Scott–Rodino Antitrust Improvement Act (15 U.S.C. § 18a) or the Antitrust Civil Process Act (15 U.S.C. §§ 1311–1314) may designate information submitted in response to such discovery requests as confidential, to the extent such information constitutes confidential information as defined in this Order. A party shall make confidentiality designations for documents and information submitted to plaintiff prior to the Complaint in this action within two days of notice of entry of this Order, and in the meantime, the parties shall treat all material as confidential pursuant to this Order.

4. Information and documents previously produced by a protected person in connection with the investigation of the matters at issue in this action to a party voluntarily in response to an informal discovery request or pursuant to the Hart–Scott–Rodino Antitrust Improvement Act (15 U.S.C. § 18a) or the Antitrust Civil Process Act (15 U.S.C. §§ 1311–1314) shall be treated as if designated confidential under this Order, unless and until the person submitting the information authorizes the disclosure. With respect to any protected person, including persons who executed a declaration for the plaintiff, defen-

dants may disclose the identity of such persons to their employees only for the purpose of obtaining information to prepare their defense, provided that all such persons are identified in a single list and that list includes the randomly selected names of at least ten other customers. Each person to whom the list is disclosed may not disclose the information to any other person (including other employees) and shall execute the agreement included as Appendix A hereto.

5. A party or protected person may designate as confidential any information it hereafter produces, either voluntarily or pursuant to discovery in this action, to any party in connection with this action, to the extent such information constitutes confidential information as defined in this Order.

6. All transcripts of depositions shall be treated as if designated confidential for a period of 1 calendar day after a full and complete copy of the transcript has been available to the deponent or deponent's counsel. Any deponent or counsel for that deponent may designate during the deposition or during the one-day period after the transcript is available from the court reporter any portion of the transcript as confidential by denominating by page and line, and by designating any exhibits, that are to be considered confidential. Such designation shall be communicated to all parties.

## C. DISCLOSURE OF CONFIDENTIAL INFORMATION

7. Except as otherwise authorized by this Order, information designated as confidential shall be used only for the purpose of trial preparation, pre-trial proceedings, hearings, trial, and any appeal of this action and shall not be disclosed to any person other than the individuals set forth below:

(a) the Court and all persons assisting the Court in this action, including court reporters and stenographic or clerical personnel;

(b) Department of Justice attorneys and employees, including contract paralegals, secretaries, and other administrative personnel;

(c) outside counsel of record for defendants and the employees of such outside counsel including paralegals, secretaries, and other administrative personnel;

(d) employees of third-party contractors of the parties involved solely in providing copying services or litigation support services such as organizing, filing, coding, converting, storing, or retrieving material connected with this action;

(e) economic experts or consultants and their staff retained by a party solely to assist in the conduct of this action, provided that such experts and staff are not employed or affiliated in any other way with any defendant or competitor;

(f) authors, addressees and recipients of particular information designated as confidential solely to the extent of disclosing such information of which they are an author, addressee or recipient;

(g) persons who have had, or whom any counsel for any party in good faith believes to have had, prior access to confidential information, or who have been participants in a communication that is the subject of the confidential information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated, except that, unless and until counsel confirms that any such persons have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation; and

(h) subject to the provisions of Paragraph 8, other persons not included in the above Subparagraphs who are examined by deposition in this action.

(i). **Larry Gross, Victoria Silbey, Robert Lackey, and Ken Garstka, provided, however, that Silbey and Garstka are prohibited from participating in any way in the Case No. 01–24795, pending in the United States Bankruptcy Court in the Northern District of Illinois.**

8. Before disclosure of confidential information is made to any person or persons specified in Subparagraph 7(h), other than an employee of the party or protected person designating such information as confidential, the person wishing to make such a disclosure shall give at least one business day's advance notice in writing, via facsimile, to the parties and/or protected person, stating the names, addresses, and employers of the person(s) to whom the disclosure will be made. The notice shall identify with particularity the documents or specific parts of the information to be disclosed, including the production number of the documents. If, within the one-business-day period, an objection is made regarding a person specified in Subparagraph 7(h) and a protective order is sought by such a party or protected person, disclosure of the confidential information shall not be made pending a ruling by the Court. The Court will deny the motion and permit access upon such terms as it deems proper, unless the objecting party or protected person shows good cause why the proposed disclosure should not be permitted.

9. Each individual described in Paragraph 7 above, to whom information designated as confidential is disclosed, shall not disclose that information to any other individual, except as provided in this Order, or use it for any purpose other than in connection with this action. Before any information designated as confidential may be disclosed to any person described in Paragraph 7 above, he or she shall have first read this Order or shall have otherwise been instructed in his or her obligations under the Order by counsel for a party. Additionally, before any information designated as confidential may be disclosed to any person (and their counsel) described in Subparagraph 7(d), (e), and (h), he or she shall have executed the agreement included as Appendix A hereto. Counsel for the party making the disclosure shall retain the original of such executed agreement for a period of at least one year following the final resolution of this action.

10. Notwithstanding the provisions of Paragraphs 6, 7, 8, and 9, nothing in this Order shall:

(a) limit a party or protected person's use or disclosure of its own confidential information;

(b) prevent disclosure of confidential information with the consent of counsel for the designating party or protected person; or

(c) prevent plaintiff, subject to taking appropriate steps to preserve the confidentiality of such information, from disclosing information designated as confidential: (I) to duly-authorized representatives of the Executive Branch of the United States Government; (ii) in the course of legal proceedings to which the United States is a party; (iii) for the purpose of securing compliance with any Final Judgment in this action; or (iv) for law enforcement purposes or as otherwise required by law. Unless otherwise prohibited by law or regulation, the plaintiff will endeavor to promptly inform the party or protected person who designated the information as confidential if disclosure pursuant to this paragraph is made.

### D. USE OF CONFIDENTIAL INFORMATION IN LITIGATION

11. All confidential information contained or discussed in any pleading, motion, exhibit or other paper filed with the Court shall be filed under seal. Where possible, only confidential portions of filings with the court shall be filed under seal. Information filed under seal shall be placed in a sealed envelope/box with the endorsements required by LCvR 5.1(j). The Clerk shall keep such papers under seal until further order of this Court; provided however, that such papers shall be furnished to the Court and counsel for the parties. Within two business days of filing any paper containing confidential information, the filing party shall file on the public record a copy of the paper with the confidential information deleted.

12. The parties shall provide protected persons with notice of potential use of any confidential information produced by them if and when such materials are listed as potential exhibits. The parties shall give protected persons notice as soon as practicable after confidential information which is not listed as an exhibit is determined to be used by counsel for a party in the course of examination or cross-examination at trial. A party or protected person may request the Court to establish and apply protective procedures (including, without limitation, *in camera* review of confidential information, sealing of portions of transcripts containing or discussing confidential information and/or excluding persons from the courtroom who are not described

in Paragraph 7 when confidential information is shown or discussed) governing the disclosure of confidential information at a hearing for a temporary restraining order, preliminary injunction, or full trial on the merits.

### E. OTHER PROCEDURES

13. Any confidential designation shall constitute a representation to the Court that such party or protected person (and counsel, if any) in good faith believes that the information so designated constitutes confidential information.

14. In the event a party believes that another party or protected person has designated material as confidential that is not entitled to such protection, the parties and any affected protected person shall discuss this contention and attempt to resolve the disagreement over the classification of the material. If the parties and/or the protected person cannot resolve the matter, it may be submitted to the Court for resolution. In the case of material provided by a protected person, the party that contests the confidentiality designation shall provide reasonable notice to the protection person that the matter has been referred to the Court. In the event that a motion is filed challenging a confidentiality designation, the person designating the material shall respond within 1 business day and shall have the burden to showing that it is entitled to protection. Failure to respond shall constitute a waiver of opposition to the motion.

15. This Order shall be without prejudice to the right of any party to bring before the Court the question of whether any particular information designated confidential is appropriately designated, or whether any particular information designated confidential is or is not relevant to any issue in this case, provided that the party has complied with the procedures set forth herein. No party concedes by complying with this Order that any information designated by any party or protected person as confidential is in fact confidential as that term is defined in Paragraph 1(a) of this Order. However, no information designated as confidential pursuant to this Order shall be disclosed except as provided herein unless and until the Court orders the release of such information from the confidentiality provisions of this Order.

16. Any production of information without its being designated as confidential shall not thereby be deemed a waiver of any claim of confidentiality as to such information, and the same may thereafter be designated confidential. Upon receiving notice from a party or protected person that confidential information has not been appropriately so denominated, all such information shall be redenominated and treated appropriately.

17. This Order shall not apply to information in the public domain or obtained from other sources regardless of whether such information is also contained in materials designated as confidential pursuant to this Order.

18. Upon entry of this Order, the parties shall provide notice and a copy of this Order to all protected persons who provided them documents or information in this action prior to entry of this Order.

19. The parties, in conducting discovery from non-parties, shall attach to such discovery requests a copy of this Order so as to appraise such non-parties of their rights.

### F. PROCEDURES UPON TERMINATION OF LITIGATION

20. Within 90 days after receiving notice of the entry of an order, judgment or decree terminating this action, all persons having received confidential material shall,

at the election of the party or protected person who produced the material, either return such material and all copies thereof to counsel for the party or protected person that produced it, or destroy all such confidential material and certify that fact in writing. The Department of Justice and outside counsel for any defendant shall be entitled to retain court papers, deposition and trial transcripts and exhibits, and attorney-work product (including discovery material containing confidential material); provided that Department of Justice employees, and defendants' outside counsel, and employees of such outside counsel shall not disclose the portions of court papers, deposition transcripts, exhibits or attorney-work product containing confidential material to any person except pursuant to court order or agreement with the party or protected person that produced the confidential material. All confidential materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph. Nothing in this provision, however, shall restrict the rights of the plaintiff to retain and use confidential materials for law enforcement purposes or as otherwise required by law.

21. This Order supersedes the Interim Protective Order entered by the Court on October 22, 2001.

## G. RIGHT TO SEEK MODIFICATION

22. The parties reserve the right to apply to the Court for any order modifying this Order or seeking further protections against discovery or other use of confidential information.

**22A. Any violation of this Order will be deemed a contempt and punished by a fine of $250,000. This fine will be paid individually by me and I will not seek to be reimbursed or indemnified for the** **payment I have made. If I am an attorney, Judge Facciola will deem my violation of this Order to warrant the violator being sanctioned by the appropriate professional disciplinary authority and Judge Facciola will urge that authority to suspend or even disbar me.**

23. Any protected person requiring further confidentiality protection than is provided by this Order may petition the Court for a separate order governing disclosure of its confidential material.

APPROVED AND SO ORDERED.

### APPENDIX A

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

SUNGARD DATA SYSTEMS,
INC., et al.,

Defendants.

Civil Action No. 01–2196(ESH)

### AGREEMENT CONCERNING CONFIDENTIALITY

I, ____, am employed as a ____ by ____. I hereby certify that:

1. **I have read the Protective Order entered in the above-captioned action and the Memorandum Opinion issued by U.S. Magistrate Judge John M. Facciola. I understand its terms and the obligations imposed upon me by the Order and by Judge Facciola's opinion.**

2. I agree to be bound by the terms of the Protective Order entered in the above-captioned action. I agree to use the information provided to me only for the purposes of this litigation.

3. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court. **I specifically agree that any violation of this Order will be punished by a fine of $250,000, that this fine will be paid individually by the violator and that the violator will not be reimbursed or indemnified for the payment he or she has made. I further agree that, if I am an attorney, Judge Facciola will deem my violation of this Order a contempt, warranting my being sanctioned by the appropriate professional disciplinary authority, and that Judge Facciola may urge that authority to suspend or even disbar me.**

4. I submit to the jurisdiction of the United States District Court for the District of Columbia solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

5. I make this certificate this _____ day of _____, 20__

(SIGNATURE)